Flachs *v.* Kelly et al.

FERDINAND FLACHS, Appellant, *v.* MAURICE KELLY, CLARK CHATTEN *et al.*, Appellees.

### APPEAL FROM ADAMS.

Premises were mortgaged to Keller and Roth, July 7, 1855, and again to appellant, on the 28th of February, 1860.

Chatten obtained a judgment which became a lien on the same premises, in October, 1860.

At the March term, 1861, Keller and Roth foreclosed their mortgage, and subsequently the lands were sold under their decree for the full amount of their debt.

At the same term appellant obtained a decree of foreclosure under his second mortgage, subject to the prior mortgage, and permitting him to redeem therefrom.

Under this foreclosure, appellant bought the land for the amount of his debt, and within the year redeemed from the sale under Keller and Roth's prior mortgage.

Subsequently, Chatten, the judgment creditor, levied upon and sold the property under an execution issued upon his judgment, and claimed the right to redeem from appellant's sale under the second mortgage, by paying the amount of that sale.

*Held*, that the appellant, by redeeming from the sale under the first mortgage, had not extinguished that lien, but was subrogated to the rights of the first mortgagee, and that the judgment creditor must redeem from both mortgages.

ON 22nd August, 1862, complainant Flachs filed his bill in chancery in said Adams Circuit Court, against Maurice Kelly, Clark Chatten, Gustave Theis, Salome Theis, his wife, and Henry Grimm. Stating in said bill, that on the 7th day of July, 1855, said Gustave Theis mortgaged to Andrew Keller and Francis Roth, administrators of Valentine Blank, deceased, lots twelve and thirteen in John Wood's addition to Quincy, Adams county, Illinois, to secure two notes of that date, executed by said Theis and H. Duker, one for $1,000, due in six months, and the other for $1,000, due in twelve months, both with six per cent. interest. Said mortgage was duly recorded on 7th July, 1855. That at the March term, 1861, said Keller and Roth obtained a decree of foreclosure and sale of said mortgage, in the Adams Circuit Court; that on 3rd June, 1861, Henry Asbury, the commissioner appointed by said

decree, sold said premises for $1,815.42 in full satisfaction of said decree.

That said Gustave Theis, on 1st March, 1859, was indebted to one Lorenzo Specker in the sum of $713, on a note payable to Specker on 1st March, 1860, with ten per cent. interest, and that Theis and wife mortgaged said premises to Specker, to secure that note. Said mortgage was duly recorded March 1, 1859. That said Theis and wife, on 28th February, 1860, again mortgaged said premises to said Specker, as additional security for $735, then due on said note, being for the same debt, which last mortgage was duly recorded 28th February, 1860. That the note and mortgages were assigned by Specker to said Ferdinand Flachs. That Flachs, at March term, 1861, of Adams Circuit Court, in chancery, in a suit in which Flachs was complainant, and Andrew Keller, Francis Roth, Gustave Theis, Clark Chatten, Casper Ruff, and Henry Grimm, were defendants, obtained a decree of foreclosure and sale of premises, subject to the prior mortgage of said Keller and Roth, and permitting said Flachs to redeem from said mortgage, or from a sale of said premises that might be made under said mortgage. Said decree also provided, that if said Gustave Theis did not pay the sum of $834 and costs of suit, said premises should be sold by a commissioner thereby appointed. Said Theis having failed to pay said money and costs, the commissioner, on 21st May, 1861, in pursuance of the decree, sold the said premises to said Flachs, for $875.78, in satisfaction of the decree.

At the October term, 1860, of said Adams Circuit Court, Clark Chatten aforesaid obtained a judgment against said Gustave Theis and Andrew Keller for the sum of $845.86 and costs. That by virtue of said decree in said suit of Ferdinand Flachs against Gustave Theis, Salome Theis, Andrew Keller, Clark Chatten, Henry Grimm, Casper Ruff and Francis Roth, said Flachs, on 2nd June, 1862, paid to Henry Asbury, the commissioner appointed by the decree in above mentioned suit of Andrew Keller and Francis Roth against Gustave Theis, the sum of $1,996.76, which was then accepted and received by said Asbury in full of the money then re-

quired to redeem said premises from said sale. Under said last mentioned decree, Asbury gave Flachs a certificate of redemption, which was recorded on 3rd June, 1862, and filed with bill as exhibit A.

On 23rd July, 1862, said Clark Chatten sued out an execution on his judgment against Gustave Theis and Andrew Keller, directed to the sheriff of said Adams county, and in the usual form of a *fi. fa.* And on the 28th July, 1862, sheriff indorsed on execution a levy on said premises, as the property of Gustave Theis, and also indorsed thereon, "and said Clark Chatten has this day paid me the sum of $979.85, for the purpose of redeeming said premises from a sale thereof made by Bernard Arntzen, special commissioner, on 21st day of May, 1861, under a decree in a certain suit pending in the Circuit Court of Adams county, wherein Ferdinand Flachs is complainant, and Gustave Theis and others, are defendants, and also two dollars, the cost of redemption." That neither Flachs nor the commissioner have received any money, but refuse to receive the same. That the sheriff has advertised said premises for sale under said execution, to take place on the 25th of August, 1862. That Chatten gives out that he intends to sell said property, and by himself or some other person to purchase it at the sale by the sheriff for the sum he deposited with the sheriff towards its pretended redemption, and enough to cover costs of sale and redemption, without refunding amount paid by Flachs to redeem from prior mortgage to Keller and Roth under said decree, and that Chatten will insist that he or whoever purchases at said sale will be entitled to a deed for said premises, by reason of the sum of $979.85, deposited with said sheriff, and the small sum of money sufficient to cover costs of redemption and sale, without refunding the money paid by Flachs by virtue of said decree.

That on 3rd June, 1862, Flachs gave to Grimm a written contract, selling him said premises for $2,800, which is about their value. That there is and was, when the mortgages were given, erected upon said premises a large brick building, part of which is occupied by Grimm as a brewery, and part by Theis as a saloon. That it would be inequitable to permit

Chatten to sell said premises under said execution, and to procure a sheriff's deed to himself or to any one else therefor, or to cloud said Flachs' title in any way, until he refunds to Flachs the amount of his mortgage debt and interest, and also the amount Flachs paid to Asbury as commissioner under decree recited above.

Bill prays that Maurice Kelly, sheriff of Adams county, Clark Chatten, Gustave Theis, Salome Theis, his wife, and Henry Grimm, may be made defendants, for summons against them, waiving answers under oath, and prays for injunction against Maurice Kelly and Clark Chatten, from selling under said execution until further order of Adams Circuit Court, but that they be permitted to make the money out of any other property of Theis and Keller.

For a decree that before any sale under said execution, Chatten, in addition to said $979.85 with interest and costs, pay Flachs $1,996.76, paid to Asbury, the commissioner aforesaid, with interest and costs, under said decree, or that said premises be sold under decree of Adams Circuit Court, and proceeds applied, first, to pay all costs ; next, to refund the money paid by Flachs to Asbury, the commissioner, with interest; next, to pay the amount with interest due on the certificate of purchase under the sale by decree in Flachs' favor, against Theis and wife, and said Chatten ; and next, to pay Chatten the amount claimed to be due Chatten on his judgment.   Prays for decree for possession to be delivered to purchaser under any such decree, and for general relief.

The bill having been sworn to, and presented to the master before filing, the master granted injunction, on Flachs giving bond, etc.   The terms of master's order having been complied with, bond given in compliance with said order, and bill filed, a summons was, on 22nd August, 1862, issued for defendants, which on 25th August, 1862, was served by the coroner of Adams county, to whom it was directed.   And on the same day a writ of injunction, as prayed for and ordered, was issued and served on Chatten and Kelly, the sheriff, on 25th August, 1862.   On 22nd November, 1862, a joint and separate demurrer of Chatten and Kelly was filed to said bill, for

want of equity therein. To which demurrer a joinder was filed. On the same day, the court, SIBLEY, Judge, presiding, sustained said demurrer of Chatten and Kelly, dissolved the injunction, dismissed the bill, ordered complainant to pay the costs, and that execution issue. No notice is taken of the other defendants. Appeal prayed, allowed, and perfected by complainant.

The errors assigned are, in substance, that the court erred in sustaining said demurrer, dissolving said injunction, and dismissing the bill at complainant's costs, when by law the demurrer should have been overruled, and relief granted.

GRIMSHAW & WILLIAMS, for Appellant.

Theis, one of the defendants below, mortgaged certain property to Keller and Roth; the mortgage was recorded 7th July, 1855, and was foreclosed at March term, 1861, of Adams Circuit Court, and property sold for $1,815.42, on 3rd June, 1861. No person was a party to that suit except Theis, but that mortgage was the oldest lien on the property. Theis and wife mortgaged the same property by two mortgages, one recorded 1st March, 1859, the other recorded 28th February, 1860, to one Specker, to secure certain notes, both mortgages being for same debt, which debt, together with both mortgages, was by Specker assigned to Flachs, the appellant, who filed his bill for a foreclosure and sale of said mortgage premises, Keller, Roth, Theis and his wife, Clark Chatten, Casper Ruff, and Henry Grim, being made defendants. A decree of foreclosure and sale was rendered in said suit at March term, 1861, against all said defendants, including Clark Chatten, who is the party in interest, defendant in this suit. The decree also permitted said Flachs to redeem from said prior mortgage, or from any sale under it. To all this, Chatten, the present defendant, was a party; the decree against him and the other defendants in that case remains unreversed. Flachs, on 21st May, 1861, under said decree, purchased said premises in satisfaction of his mortgage, and afterwards, by virtue of said decree against said Chatten and

others, on 2nd June, 1862, Flachs redeemed from a sale made under the older mortgage by paying to the commissioner who sold, $1,996.76, and took a certificate of redemption which he recorded.  At October term, 1860, of Adams Circuit Court, Chatten obtained a judgment against Theis and Keller, took out execution, and on 28th July, 1862, levied it on the property, paid to the sheriff the amount for which the property had been sold to Flachs under the second mortgage, and the sheriff of Adams county advertised and was proceeding to sell under this pretended redemption of Chatten, and to make title to Chatten or whoever might purchase at that sale under execution, without regarding the advance made by Flachs to relieve the property from a burden senior to both his lien and that of Chatten.   Such advance being made in pursuance of a decree of a court of competent jurisdiction in a suit to which Chatten was a party, and which decree is still in force.

Can Chatten avail himself of the payment of the money by Flachs to redeem from the first mortgage without refunding that money ?  We insist that the demurrer should not have been sustained, but that the court should have required Chatten, before he sold under his execution, to refund the money paid by Flachs to redeem under said decree, or else should have ordered the sale of the property to pay the liens in the order of their priority.

The cases of redemption under executions at law, that will probably be relied on, are not applicable.   Here is a case where the oldest mortgagees choose to take a decree without making subsequent incumbrancers parties.   The second mortgagee, by decree forecloses and sells, and also redeems from sale under the prior mortgage, by virtue of a decree to which Chatten is a party.   Flachs having paid that money, asks to be protected against Chatten's attempt to interfere with the property by sale under execution, until the advance is paid to him ; and his right to have his advance refunded when he had expended money to pay off the senior mortgage, which payment of money operates for the common benefit of Flachs and Chatten, is, we think, settled by authorities.   We refer to the following cases :

A third person discharging a bond and mortgage for his own safety, may be substituted, but when the maker discharges them he is clearly entitled to have the instruments cancelled. *In the matter of John G. Coster*, 2 Johns. Ch. 504.

See also, as to the principle that liens will be paid in the order of their priority, 3 Johns. Ch. R. 467.

A mortgage on land was foreclosed by advertisement and sale under the statute. Before redemption, mortgagor died, leaving a widow, who sold to a third party, with warranty, in consideration of $25, and what was due on the mortgage. Her vendor redeemed the land by paying what was due on mortgage, and the heirs of the mortgagor brought ejectment against him. *Held*, that he had a lien on land for redemption money and interest. *Webb* v. *Williams*, Walker's Ch. R. 544.

It is a well settled principle in equity, that a judgment creditor who is compelled to pay off prior incumbrances on land, to obtain the benefit of his judgment, may by assignment, secure to himself the rights of the incumbrancers. The same rule applies where a prior mortgagor, to save his lien, is obliged to satisfy prior mortgages on the same estate. He stands as the assignee of such mortgages, and may claim all the benefits under the lien that could have been claimed by his assignor. *Bank of U. S.* v. *Peter*, 13 Peters, 125. See also, *Thompson* v. *Chandler*, 7 Greenl. 379, 381, 382; in which case the court say that mortgage will be treated as still subsisting, if it is for the interest of a third party, not the mortgagor, who has procured an assignment to uphold the mortgage.

When any incumbrancer or person other than the mortgagor redeems, " he or she becomes substituted to the rights and interests of the original mortgagee in the land, exactly as in the civil law." 2 Story's Equity Juris., sec. 1623.

When the mortgagee redeems, he being liable personally for the debt, it is a payment, when vendor or subsequent mortgagor, he should not lose what he has paid. *Johnson* v. *Johnson*, Walker's Ch. R. 335.

The following authorities are referred to, as showing that even between mortgagor and mortgagee the courts inquire if

payment has been made, before they will treat a mortgage as discharged. 1 Hilliard on Mortgages, 307; *Davis* v. *Maynard,* 9 Mass., top p. 236; *Pomeroy* v. *Rice,* 16 Pick. 22; *Teed* v. *Caruthers,* 2 Younge & Collyer's Ch. R. 21—31; English Chancery, 31; *Davis* v. *Battine,* 2 Russ. & Mylne, 76, from 6 English Ch. R. 404; *Perkins* v. *Pitts,* 11 Mass. 124.

These authorities, it may be said, were between mortgagor and mortgagee, but in the absence of any question as to the intervention of the rights of innocent third persons, they are conclusive, that the question whether a mortgage lien is discharged, is a question of fact and intention even between mortgagor and mortgagee. In this case there is no question of want of notice, because Chatten was a party to the decree, and the intention not to pay off the mortgage, is manifest from the necessity that compelled Flachs to pay it off, or lose (as well as Chatten) all the interest in the land. Chatten having, as appears by the record, attempted to sell property without recognizing rights of Flachs, he was compelled to file the present bill.

SKINNER & MARSH, for Appellees.

1. If Chatten acquired a legal right in pursuing his statutory remedy of redemption without fraud, or privity of contract with Flachs, equity will remain neutral, and cannot deprive him of such legal right, or modify the same; and the right by Chatten, acquired by the statutory redemption, is a purely legal right, without any ingredient of fraud or contract whatever. Adams' Equity, 159; 5 Gilm. 173; 11 Ill. 448; 11 Ill. 525; 20 Ill. 159; 1 Cow. 443.

2. The bill, and the redemption certificate made a part thereof, plainly show that Flachs redeemed from sale made under the first mortgage, under the statute, and he therefore takes such rights only as the statute gave him.

3. The appellee's argument submitted, copies portions of the bill and exhibits, deemed material, fearing that they may not clearly appear from the appellant's abstract, and refers to the record.

WALKER, J. Appellant claimed under a junior mortgage on the premises in controversy. Roth and Keller held the first mortgage on the property, and exhibited a bill to foreclose, and obtained a decree at the March term, 1861, for the sale of the premises, on default in the payment of the money. The property was sold under the decree, and bid in by them on the 3rd day of the following June, in full satisfaction of the decree and mortgage. Appellant, at the same time, obtained a decree for the sale of the premises, to satisfy his mortgage, which authorized him to redeem from the prior mortgage, or any sale which might be made under the decree for its foreclosure. To the bill filed by appellant, all persons having an interest in the premises were made parties.

Roth and Keller satisfied their decree by bidding off the property at $1,815.42, and then received a certificate of purchase. Appellant, on the 21st day of May, 1861, caused the premises to be sold under his decree, and became the purchaser at the sum of $875.78, which satisfied his decree. Afterwards, and one day before the expiration of one year from the sale on Roth and Keller's decree, he redeemed the property from their sale by paying the purchase money and interest, to the master in chancery, and took a certificate of redemption as mortgagee and grantee, which was recorded. Chatten, at the October term, 1860, and after both mortgages were recorded, recovered a judgment against the mortgagors, for $845.86. He afterwards sued out an execution, which he had levied upon the same premises, and on the 28th day of July, 1862, paid into the hands of the sheriff $979.85, to redeem the premises from the sale under the decree foreclosing appellant's mortgage, which he refused to receive.

He then filed this bill for an injunction to prevent the sale under the execution, or to have the premises sold, and the proceeds applied in payment of the various debts, in the order in which they became liens on the property. A temporary injunction was allowed, a demurrer was afterwards filed to the bill, which on a hearing was sustained, the injunction dissolved, and the bill dismissed. This proceeding is prosecuted to reverse that decree.

Did the payment of that sum by Chatten, necessary to redeem from appellant's sale, operate as a redemption so as to authorize a sale by him, freed from incumbrance by Roth and Keller's mortgage, decree or sale? Or did the redemption by appellant from their sale, enure to his benefit, so as to require a redemption from both sales? It is insisted, that by that redemption, appellant satisfied Roth and Keller's decree, released the premises from that lien, and acquired no benefit by the transaction, but all the benefit accrued to Chatten. That it was a redemption made under the statute, and had precisely the same effect as if it had been redeemed by the mortgagors. That it was the exercise of a purely legal right, to which no equity can attach. On the contrary, it is insisted that although the forms adopted were those given by the statute, still, in equity, it had the effect of substituting appellant to all the rights of the prior mortgagees.

Independent of the provisions of the statute authorizing redemptions on the foreclosure of mortgages, such would have clearly been the effect. 2 Story's Eq., sec. 1427; *Bank of United States* v. *Peter*, 13 Pet. 234; *In the matter of Coster*, 2 John. Ch. 503. In Alabama it has been held, that a junior mortgagee may pay a prior mortgage, and then foreclose both mortgages, or he may foreclose his junior mortgage by making his senior mortgagee a party. *Cullum* v. *Erwin*, 4 Ala. 452; *Chambers* v. *Martin*, ib. 477. It has been held, that where a second mortgagee pays the first mortgage, if equity requires it, the law will presume that the latter assented to the use of all his securities, in order to compel payment to the former. 1 Hilliard on Mortg. 227. It is also there said, that premises, subject to a mortgage, an attachment, and a second mortgage subsequent to both, and the first mortgagee brings his bill to foreclose, making the mortgagor and second mortgagee parties, and obtains a decree, and the attaching creditor obtains a judgment and levies an execution on the premises, and pending the time limited for a foreclosure and less than six months after the levy the junior mortgagee redeems the first mortgage, it was held that he was subrogated to all of the equitable rights of the elder mortgagee, and

could hold the land, as against the execution creditor, until reimbursed the amount paid. In support of the doctrine, *Downer* v. *Fox*, 5 Washb. 388, is cited.

The last case referred to, fully recognizes the rule, that when a junior incumbrancer redeems from a prior lien, that intermediate or subsequent incumbrancers, in equity, must refund the redemption money, or pay all liens anterior to theirs before they can enforce their claim upon the property. In that case, the money was paid to the clerk, who no doubt was by the practice in that court, like our master in chancery, the proper receiving officer. No difference is perceived in this respect, between that payment and the case at bar. It would seem that a payment to the master authorized to receive the money, is in effect the same as if paid to the prior mortgagees. Nor is it believed, that the statute authorizing a redemption from decrees of foreclosure changed the equitable rights of parties to make a redemption, at any time before the statutory period has expired. Appellant in this case had an equitable right, independent of the statute, to redeem from the first mortgage, and to be substituted to the rights of an assignee, and as such to be reimbursed the money paid for that purpose.

It is eminently just that such a rule should obtain. If such were not the rule, why require the second mortgagee to be made a party to a foreclosure, by the first? When thus made a party, he may certainly redeem after decree, and prevent a sale of the premises, and hold the property, subject to other mortgages. The fact that he is made a party does not operate to give his redemption any additional efficacy. It is based upon its inherent justice, and from the equitable necessity of the case. If it was otherwise, in a large number of cases it would be impossible for a junior mortgagee to secure his debt, as the first mortgagee might refuse to assign his mortgage on its payment. Or if not made a party, and he afterwards filed a bill and was permitted to redeem, on the same principle it would inure to the benefit of liens junior to his, as it is the law and not the decree which gives the right to be substituted upon making the redemption.

There can be no wrong in requiring Chatten to remove all

incumbrances prior in date to his judgment, before he can subject the land to its payment. He was junior in time, and must be postponed in payment. Nor does he even have any right to complain of the least hardship, as he now occupies the same position which he did when he acquired his lien. He has performed no act to change his position, and it would be inequitable in the extreme to permit him to avail himself of the vigilance and large outlays of another, to obtain an unjust advantage.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*